CHARLES A. PRAY *et al.* v. ISABELLA N. JENKINS *et al.*

EJECTMENT—*Mortgage*—*Foreclosure*—*Forgery*—*Evidence.* In an action of ejectment brought against the grantee of a purchaser at a judicial sale made in an action of foreclosure, it is competent for the plaintiffs in the ejectment action to show that the mortgage was a forgery, and that the persons purporting to have executed the same were not served by process in the foreclosure suit.

*Error from Osage District Court.*

EJECTMENT. Judgment for plaintiffs, *Jenkins* and another, at the July term, 1888. The defendants, *Pray* and wife, bring error. The opinion states the facts.

*Jetmore & Jetmore,* for plaintiffs in error.
*Vance & Campbell,* for defendants in error.

Opinion by SIMPSON, C.: This is an action in ejectment, brought in the Osage county district court by Isabella N. Jenkins and Johanna Van Dorp against Charles A. Pray and Alice Pray, to recover a quarter-section of land. The plaintiffs below show title from the government through mesne conveyances. Pray and wife claim title through a sheriff's deed of date January 28, 1880, made by virtue of an order of sale issued under a foreclosure decree, wherein E. A. Johnson was plaintiff, and Isabella N. Jenkins and William Henry Jenkins, her husband, and Johanna Van Houten, now Van Dorp, were defendants. It appears that the father of these ladies delivered them a deed to said land in May, 1877. This deed was executed on the 9th day of December, 1874, by the grandfather and grandmother (they being the owners) of the defendants in error. It was placed upon record on the 15th day of June, 1877, and at the same time a mortgage, purporting to have been executed by Jenkins and wife and Johanna Van Houten to one E. A. Johnson, to recover the payment of $400, with interest, was filed for record. Payment of interest being in default, an action of foreclosure was commenced by Johnson, that resulted in a judgment and an order of sale of the mortgaged property. It was sold to Johnson, the sale was confirmed, and a deed made by the sheriff to Johnson, who, on December 21, 1880, conveyed the same by warranty deed to these plaintiffs in error, who, on the 1st day of March, 1881, went into the actual possession of the land, and have held the same ever since, and have made lasting and valuable improvements on the same and occupied it as their homestead.

The plaintiffs below claim that the mortgage was never executed by them, or either of them, and that the same is a forgery and is fraudulent and void, and that they had no knowledge, notice or information of the existence of said mortgage until just prior to the commencement of this action; that the court rendering the decree of foreclosure had no jurisdiction of their persons, neither Isabella N. Jenkins nor Johanna Van Dorp ever having been served with process in said

action, nor had any knowledge or notice of the pendency of such action until just prior to the commencement of this action. The trial court made the following special findings of fact and conclusions of law, to wit:

"FINDINGS OF FACT.

"On considering the evidence in this case, I find that on the 14th day of June, 1877, the plaintiffs were the owners in fee-simple of the land in controversy in this action, being the southeast quarter of section 10, township 14, range 17, in Osage county, Kansas; that on the 28th day of January, 1880, I. H. Smith, as sheriff of said Osage county, Kansas, executed and delivered to E. A. Johnson a deed, purporting to convey to said Johnson the interest of one of the plaintiffs, Johanna Van Houten, now Johanna Van Dorp, to said real estate; that it is upon this deed that the defendant Charles A. Pray bases his title to this real estate; that said sheriff's deed was based on a certain foreclosure proceeding had in the district court of Osage county, Kansas, the object of which proceeding was the foreclosure of a mortgage purporting to have been executed by plaintiffs, Johanna Van Dorp, then Johanna Van Houten, and Isabella N. Jenkins, under the name of Isabella N. Jenkins, and her husband, William Henry Jenkins. This mortgage purports to have been executed and acknowledged on the 14th of June, 1877, and to have been recorded on the 15th day of June, 1877, on which last-named day the deed for said land to said plaintiffs, which was executed on the 9th day of December, 1874, was also recorded.

"I find that in these foreclosure proceedings no valid service of summons was ever made upon either of the plaintiffs in this case, but that personal service was made upon William Henry Jenkins; that in said case judgment was first rendered against William Henry Jenkins and Isabella N. Jenkins, one of the plaintiffs in this case, with a decree of foreclosure of the mortgage as to them and an order of sale of their interest to said land; that afterwards judgment was rendered in said case against Johanna Van Houten, and a decree of foreclosure of said mortgage as to her and an order of sale as to her interest therein; that when said land was sold finally, it was sold under the last-named judgment, and only the interest of Johanna Van Houten therein was conveyed by the sheriff and conveyed on said sheriff's deed.

"I further find that the sheriff's deed was recorded on the

—— day of ——, in the year 1880, and afterward, on the 18th day of November, 1880, E. A. Johnson, grantee in said .sheriff's deed, conveyed to said Charles A. Pray, by a warranty deed, the land in controversy, which last-named deed was recorded on the 21st of December, 1880, and that the consideration in said deed was $925; that said Charles A. Pray, under the said deed, went into possession of said land about the 1st of March, 1881; and has ever since that time remained in exclusive possession of said land, and has made valuable and lasting improvements thereon.

"I further find that the plaintiff Isabella Jenkins became aware of the fact that she, together with her sister Johanna Van Houten, now Johanna Van Dorp, owned this real estate some time in May, 1877, at which time the deed for said land was delivered to her by her father, then living in Topeka, Kansas; that the plaintiff Johanna Van Dorp had no knowledge of her ownership or interest in said land until about two years ago.

"I further find that the mortgage purporting to have been executed by Isabella Jenkins and William Henry Jenkins, her husband, and Johanna Van Houten, to E. A. Johnson, on the 14th day of June, 1877, was not executed, signed or acknowledged by said Isabella Jenkins and Johanna Van Houten, now Van Dorp, at that time, or at any other time; that said mortgage was fraudulent and void as to them."

## "CONCLUSIONS OF LAW.

"As conclusions of law from the facts found, I find that the plaintiffs are entitled to recover possession of the real estate in controversy in this action, and also to recover their costs."

I. The two controlling questions in this case are matters of fact, rather than of law. These are, was the mortgage executed by the parties charged with its execution? and was service of process made on Isabella N. Jenkins and Johanna Van Dorp in the foreclosure action? To except these questions from the operation of a familiar rule, the effort of counsel for the plaintiffs in error has been expended in the attempt to show that the decision below was against the evidence, but this much can be said with perfect truth: that there is evidence to support the finding, and we can with great propriety go further, and say that the weight of the evidence is apparently with the

proposition that no personal service of summons was ever made on Mrs. Jenkins and Miss Van Houten in the foreclosure action. The evidence that they never signed the mortgage, while not as strong and satisfactory as the want of service, is yet sufficiently strong to sustain the finding in that respect. Still it is not our province to determine its effect further than to insist on a fair compliance with the spirit of the rule requiring some evidence to support the finding.

II. It is insisted that this is a collateral attack on the judgment of foreclosure. With the finding supported by evidence that Mrs. Jenkins and Miss Van Houten were never served with process in that action, the case of *Mastin v. Gray*, 19 Kas. 458, seems to be conclusively against the contention of the plaintiffs in error. It is said in that case "that a judgment rendered without jurisdiction may be impeached in a collateral proceeding;" but it may be that according to the logic of the cited case this is a direct attack. In either event we do not think the court erred in this respect. The complaints made about the admission and exclusion of evidence become immaterial, because the controlling questions are want of personal service in the foreclosure suit, and the forgery of the mortgage, and if the evidence was excluded in the one instance and admitted in the other the result would not be changed.

We recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.